## NATHANIEL JOHNSON *vs.* JOHN H. MORSE.

A judgment in an action for the conversion of a tree is not conclusive evidence of title in a writ of entry to recover the premises on which the tree stood, although accompanied by proof that the only question litigated in the former suit was in regard to the title.

WRIT OF ENTRY. Plea, *nul disseisin.*

At the trial in the superior court, before *Ames,* J., the question appeared to be as to the course of the boundary line between adjacent lots owned by the demandant and tenant respectively. The tenant contended that the line was straight; and the demandant contended that the line made a curve towards the land admitted to belong to the tenant, and that he (the demandant) owned the land between this curved line and the straight line which the tenant considered to be the true boundary.

The tenant proved that he sold the wood standing on the disputed premises to Thomas W. Bailey, who cut a tree thereon, which was afterwards carried away by the demandant; that Bailey, by the request and at the expense of the tenant, brought an action in the nature of trover against the demandant to recover for the value of the tree, and recovered judgment thereon ; and that at the trial the only question litigated was in regard to the title of the land, the present demandant justifying on the ground that he owned to the curved line. And the record of this judgment was put into the case.

The judge ruled that although this judgment was competent

cogent and persuasive evidence upon the question of title, yet it was not conclusive.

The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*S. B. Ives, Jr.*, for the tenant. There is no doubt that evidence was competent to show what was actually litigated in the former trial. *Sawyer* v. *Woodbury*, 7 Gray, 499, and cases cited. It is a general principle that where there has been a full hearing, a judgment upon the point essential to the right determination of the controversy is conclusive upon parties and privies. *Eastman* v. *Cooper*, 15 Pick. 286. *Bigelow* v. *Winsor*, 1 Gray, 302. The fact that the former action was of a lower grade is immaterial. In those cases where a different doctrine is intimated, the title was not necessarily involved. See *Arnold* v. *Arnold*, 17 Pick. 4 ; *Wade* v. *Lindsey*, 6 Met. 407. The fact relied upon by the tenant was within the issue, and was actually litigated and decided. It is immaterial that the object of that suit was different. The same matter was in issue. *Outram* v. *Morewood*, 3 East, 366. *Kinnersley* v. *Orpe*, 2 Doug. 517. *Hopkins* v. *Lee*, 6 Wheat. 109. *Betts* v. *Starr*, 5 Conn. 550.

*H. Carter*, for the demandant, in addition to cases cited by the tenant, cited *Merriam* v. *Whittemore*, 5 Gray, 316 ; *Gilbert* v. *Thompson*, 9 Cush. 348.

BY THE COURT. It is common learning that the judgment in an action of trespass *quare clausum fregit*, on an issue joined upon the plea of soil and freehold, is not conclusive evidence of title in a writ of entry to recover the same premises, between the same parties. But not even the possessory right in the land was put in issue upon the record, in the suit, the judgment in which the tenant asked to have held conclusive in favor of his title ; but merely the right to a tree which grew upon the land.

Undoubtedly, as the tenant contends, it is competent to prove by parol that something which the record shows may have been at issue was actually tried between the parties. And whatever was actually tried, and was essential to the judgment, is concluded by the judgment. But the point where the defence fails is this: that the seisin, which is in issue in the writ of entry,

could not have been in issue in the former action. The judg-
ment in the former action was conclusive on all that was ad-
judged in it; which was only the right of possession, and not
the seisin.                                    *Exceptions overruled.*